UNITED STATES DISTIRCT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WHITEHOUSE & SHAPIOR, LLC     Plaintiff,  v.  OHIO MILLS CORP., et al     Defendants. | )  ) Case #1:22-cv-0844  )  ) JUDGE DAVID A. RUIZ  )  )  ) DEFENDANTS ANSWER AND  ) COUNTERCLAIM  ) (JURY DEMAND)  )  ) |

Now come Defendants, Ohio Mills Corp. ("OM") and Ronald Katz ("Katz")(collectively, "Defendants"), by and through undersigned counsel of record and for their Answer to Plaintiff's Complaint state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint;

2. Defendants admit agreements were entered into, but deny some of the characteristics of the same, as set forth in in paragraph 2 of Plaintiff's Compliant;

3. Defendants deny, as stated, the allegations set forth in paragraph 3 of Plaintiff's Complaint;

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint;

5. Based on information and belief, Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint;

1

6. Defendants admit the allegations contained in paragraphs 6, 7, 8, 9 & 10 of plaintiff's Complaint;

7. Based on information and belief, Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint, with the exception that it held or holds exclusive rights to OM product;

8. Defendants deny, as stated, the allegations contained in paragraph 12 of Plaintiff's Complaint;

9. Defendants state that the documents speak for themselves, but have been modified in practice, by agreement (verbal and electronic) and by course of conduct, as their response to paragraphs 13 & 14 of Plaintiff's Complaint;

10. Defendants admit provisions are discussed, but deny they are in full force, as their answer to paragraph 15 of Plaintiff's Complaint;

11. Defendants state that the documents speak for themselves, but have been modified, as set forth herein, as their response to paragraphs 16, 17, 18, 19 20, & 21 of Plaintiff's Complaint;

12. Defendants deny the allegations set forth in paragraphs 22 & 23 of Plaintiff's Complaint;

13. Defendants admit loans, advances and payments have been issued over the years, but deny the amounts claimed to be owed, partially for lack of knowledge and partially due to Plaintiff's conduct, as their response to paragraphs 24 & 25 of Plaintiff's Complaint;

14. Defendants admit the allegations contained in the second paragraph 25 of Plaintiff's Complaint;

15. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint;

## ANSWER TO COUNT I

16. Defendants restate their responses to paragraphs 1-26, as if fully re-written herein, as their response to paragraph 27 of plaintiff's Complaint;

17. For the reasons set forth herein, Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Complaint;

18. Defendants state that the documents speak for themselves, but for the reasons set forth herein deny that they are in full force and effect, as their response to paragraph 29 of Plaintiff's Complaint;

19. Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Complaint;

20. Defendants deny that agreements remain in full force and effect, as set forth herein, as their response to paragraph 31 of Plaintiff's Complaint;

21. Defendants deny the allegations set forth in paragraphs 32 & 33 of Plaintiff's Complaint;

22. Defendants deny that the agreements are in full force and effect, as set forth herein, as their response to paragraph 34 of Plaintiff's Complaint;

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of Plaintiff's Complaint;

24. Defendants deny the allegations set forth in paragraph 36 of Plaintiff's Complaint;

## ANSWER TO COUNT II

25. Defendants restate their responses to paragraphs 1-36 of Plaintiff's Complaint, as if fully rewritten herein, as their response to paragraph 37 of Plaintiff's Complaint;

26. Defendants deny the allegations set forth in paragraphs 38 & 39 of Plaintiff's Complaint;

27. Defendants admit that demands have been made, but deny that the agreements remain in full force and effect, as set forth herein, as their response to paragraph 40 of Plaintiff's Complaint;

28. Defendants deny the allegations set forth in paragraphs 41 & 42 of Plaintiff's Complaint;

29. Defendants deny the allegations set forth in paragraph 43 of Plaintiff's Complaint;

## ANSWER TO COUNT III

30. Defendants restate their responses to paragraphs 1-43 of Plaintiff's Complaint, as if fully rewritten herein, as their response to paragraph 44 of Plaintiff's Complaint;

31. Defendants deny the allegations set forth in paragraph 45 of Plaintiff's Complaint;

32. Defendants deny, as stated, the allegations set forth in paragraphs 46, 47 & 48 of Plaintiff's Complaint;

## ANSWER TO COUNT IV

33. Defendants restate their responses to paragraphs 1-48 of Plaintiff's Complaint, as if fully rewritten herein, as their response to paragraph 49 of Plaintiff's Complaint;

34. Katz denies the allegations set forth in paragraphs 50, 51, 52 and 53 of Plaintiff's Complaint;

35. Katz denies, as stated, the allegations set forth in paragraph 54 of Plaintiff's Complaint;

36. Katz denies the allegations set forth in paragraph 55 of Plaintiff's Complaint;

## ANSWER TO COUNT V

37. Defendants restate their responses to paragraphs 1-55 of Plaintiff's Complaint, as if fully rewritten herein, as their response to paragraph 56 of Plaintiff's Complaint;

38. Defendants deny, as stated, the allegations contained in paragraph 57 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint fails to state a claim against at least one of the Defendants upon which relief can be granted;

B. Failure of service of failure of service of process;

C. Plaintiff's Complaint is barred in whole in in part by the doctrines of accord and satisfaction;

D. Plaintiff's Complaint is barred in whole or in part under the doctrines of unclean hands, laches and estoppel;

E. Plaintiff has breached the agreements is seeks to enforce;

F. Plaintiff's Complaint is barred in whole or in part by the doctrine of *Force Majuere;*

G. Plaintiff's own conduct caused or contributed to its damages, which are denied, thus barring or limiting recovery;

H. The agreement Plaintiff seeks to enforce are void, illegal and unenforceable in whole or in part.

WHEREFORE, having fully answered, Defendants, Ohio Mills Corp., and Ronald Katz pray that Plaintiff's Complaint be dismissed, at Plaintiff's cost.

## COUNTERCLAIM OF DEFENDANT OHIO MILLS CORP.

1. OM incorporates by reference herein the allegations set forth in Plaintiff's Complaint, not to assert the truth of the same, but for demonstrative purposes, and the Answers thereto;

2. The Parties entered into numerous agreements, generally at a time of financial difficulty for OM;

3. Plaintiff was aware of these issues and took unfair advantage of its financial situation to sign and enforce deceptive and unfair agreements;

4. Plaintiff, through its owners or agents, made numerous verbal and email promises with regard to the terms of the various agreements;

5. Plaintiff never complied with the terms of the agreements, specifically, the same call for Plaintiff to pay the current market price for goods. Throughout the agreement, Plaintiff failed to do so;

6. Based on information and belief, Plaintiff paid higher "per pound" rates to other suppliers;

7. This conduct is a direct violation of the terms of the agreements;

8. At times during the agreements, Plaintiff refused to purchase goods from OM;

9. On several occasions, Plaintiff stated it could not purchase any goods from OM and that OM had to change its business model and / or find other customers;

10. Plaintiff knew OM sold to other entities, and approved, agreed or otherwise consented to the same;

11. Plaintiff received "bills of lading" for each and every load of goods supplied;

12. Those "bills of lading" including the weight of the materials shipped and / or supplied;

13. Despite independent verification of the weights, Plaintiff repeatedly underpaid for loads, above and beyond the shortfall as to pricing set forth above;

14. Plaintiff knew or should have known it was not paying the proper amounts;

15. Despite demands from OM to either credit OM or issue payment for the shortfall, Plaintiff refused;

16. For all relevant periods, Plaintiff had direct access to the financial data of OM;

17. Plaintiff improperly used this information to secure additional amendments and concessions, to enrich itself and enslave OM;

18. Based on information and belief, Plaintiff conspired with one or more former employee of OM;

19. Plaintiff issued payments to at least one former OM employee, during the employment, in order to secure favorable terms, agreements and insider information;

## COUNT I

20. OM incorporates by reference herein the allegations set forth in paragraphs 1-19 of its Counterclaim;

21. Plaintiff's failure to pay OM the "market rates", as required under the agreements and as evidenced by payments to other suppliers, had damaged OM, directly for the shortfall in payments, but also in forcing OM into unfavorable agreements and contracts with Plaintiff and other unrelated entities;

22. Plaintiff has been damaged in an amount of no less than $75,000, as a direct and proximate result of Plaintiff's conduct, be it breach, civil theft or fraud;

23. OM is entitled to judgment on this claim, in an amount to be determined at trial;

## COUNT II

24. OM incorporates by references herein each and every allegation contained in paragraphs 1-22;

25. Plaintiff under paid load from at least January 2021 through the filing of this lawsuit, based upon the "bills of lading" and verified weights of goods shipped. Specifically, rather than pay for the amounts of goods at the rates agreed, Plaintiff paid a lesser amount;

26. OM internal investigation has not yet determined how long these underpayments occurred;

27. OM has been damaged by these underpayments in an amount of no less than $70,000 in 2021 only;

28. OM is entitled to judgment in an amount to be determined at trial for this conduct, be it breach, civil theft or fraud;

## COUNT III

29. OM incorporates by reference herein each and every allegation set forth in its Counterclaim;

30. Plaintiff conspired with now former employees of OM to enrich itself and defraud OM;

31. Specifically, Plaintiff used its financial wealth to offer inducements to OM employees, who in turn allowed the underpayments set forth herein to continue;

32. Further, Plaintiff utilized information improperly gained from at least one now former employee to ensure additional agreements, which were one sided and exdclusively for the benefit of Plaintiff;

33. OM has been damaged by the fraudulent conduct set forth herein, in an amount to be determined at trial and seeks judgment for the same;

WHEREFORE, Counterclaimant, Ohio Mills Corp., prays that this Court enter judgment in its favor as follows:

A. An amount to be determined at trial, but no less than $75,000, for the underpayments in pricing from 2010 to the present;

B. An amount to be determined at trial, but no less than $70,000, for the underpayments of weights of goods shipped;

C. An amount to be determined at trial for the fraudulent conduct of Plaintiff;

D. Any and all statutory damages;

E. Any and all attorney fees;

F. The costs and fees of this actions; and

G. Any other relief that this Court deems just and proper.

Respectfully Submitted,

*John R. Christie*_____
John R. Christie, Esq. (0067570)
Law Office of John R. Christie, LLC
20525 Center Ridge Road, Suite 210
Rocky River, Ohio 44116
216.400.0140
jrchristielaw@gmail.com
Attorney for Ohio Mills Corp. and Ronald Katz

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served electronically on all counsel of record, on this 22ndt day of July 2022.

*/s/ John R. Christie*_____
John R. Christie (0067570)

Attorney for Defendants

9